THE STATE OF MONTANA EX REL. ADOLPH F. FAVERO AND HAZEL B. FAVERO, RELATORS, *v.* THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF YELLOWSTONE, AND THE HONORABLE GEORGE J. ALLEN, PRESIDING JUDGE, AND GAYLE WYNACHT, RESPONDENTS.

No. 10531

Submitted December 6, 1962. Decided December 13, 1962.

376 P.2d 999

Franklin S. Longan, Billings, for relators.

Charles F. Moses, Billings, for respondents.

PER CURIAM.

On November 28, 1962, relators filed an application for an

alternative writ from which it appeared that the respondent court had denied a request to require commercial paper to be co-signed when drawn against bank accounts existing in the name of the Abstract Guaranty Company, a co-partnership consisting of relators and Gayle Wynacht. Relators contended that such denial was unjust and arbitrary in that no protection of partnership assets, presently involved in an accounting proceeding pending before the respondent court, was afforded. Relators further contended that no plain, speedy or adequate remedy at law was available to them.

Upon an ex parte hearing this court on November 28, 1962, ordered that Gayle Wynacht be made a party respondent to this proceeding and further directed the issuance of an order to show cause requiring all respondents to appear before this court on December 6, 1962, to show cause why the relief sought by relators should not be granted.

On December 5, 1962, respondents filed a motion to dismiss, answer and return, and transcripts of hearings held in the respondent court on October 5, and November 8, 1962, together with an affidavit of Gayle Wynacht previously filed in the respondent court. On December 6, the return day, relators filed a motion to strike such affidavit on the ground it had been stricken from the files of the respondent court by an order dated November 8, 1962. At the same time relators filed herein an affidavit executed by one of their counsel, averring that on November 29, 1962, without notice to or authority or consent of relators the accounts of the Abstract Guaranty Company show that bonuses in the sums of $350, $500, $500, and $2,500 were given to four employees. Counsel for respondent Wynacht admits such bonuses were granted but asserts the pendency of this proceeding had no connection therewith; that such bonuses were granted in accordance with prior practice and at the customary time.

This proceeding grows out of a civil action entitled Adolph F. Favero and Hazel B. Favero, as plaintiffs, and Gayle Wy-

nacht as defendant, still pending before respondent court. In that cause the district court has previously found in favor of the plaintiffs and upon appeal to this court the action of the district court has been affirmed. See Favero v. Wynacht, 140 Mont. 358, 371 P.2d 858, opinion rendered on May 22, 1962. A petition for rehearing was denied on June 11, 1962. The district court, in its decree, had provided that an accounting should be had of the Abstract Guaranty Company from and after July 21, 1947, and that a judicial accounting was necessary to determine what Gayle Wynacht owed to the Faveros of the partnership profits from and after May 31, 1954, if any, and as to the amounts and fairness of withdrawals by Wynacht for her own personal use and benefit. The district court reserved jurisdiction to settle and determine any controversies which might arise between the parties in the performance of the decree. Following the issuance of our remittitur on the appeal, the presiding district judge was disqualified and the respondent district judge assumed jurisdiction.

The matter we are concerned with here was before the district court by virtue of such reservation of jurisdiction. From the transcripts of the hearings held on October 5 and November 8, it is very apparent that Gayle Wynacht has exhibited the same characteristics as formerly with regard to her treatment of her partners, the Faveros, and which were discussed in our opinion upon the appeal. Months have passed since the decree of the district court was affirmed and from statements of counsel upon the oral argument and the fact that bonuses have been paid without notice to or authority or consent of the Faveros, it is clear that Gayle Wynacht is still in sole command, operating the partnership assets as she wills, and that will continue to be the case unless the district court insists upon prompt compliance with the accounting provided in its decree.

. The colloquy between court and counsel at the November 8 hearing indicates clearly that the respondent judge was try-

ing to confine his actions within the framework of what had been said in our opinion with respect to the partnership. He pondered how he could enforce any order compelling the partnership to do its business in any particular manner because it would require his constant supervision, and even then to determine whether a particular withdrawal was proper an accounting would be necessary.

This clearly points out the reasoning which prompted the respondent court to deny the relief here requested by relators and in its order to state that such relief would be unenforceable by the court.

In our opinion in Favero v. Wynacht, supra, we stated:

"There is a difference between an action for an accounting and an action founded in equity where the accounting is sought as one of the incidents of granting complete relief such as exists here."

There is no need to prolong this opinion by citations of authority for the principle that when a court of equity obtains jurisdiction it retains it for all purposes in order to award complete relief.

The point which perhaps has been overlooked is that this co-partnership is now, and ever since the decree in the civil action became final has been, under the jurisdiction of the district court and will remain there until the accounting procedures are completed. It is not a question of how the co-partners desire to operate, it is a question of how the court desires the co-partnership to be operated until the cause is concluded. To be sure to require the respondent court to supervise in minute detail the activities of this partnership does place an additional burden upon it. On the other hand the court is possessed with the equitable power to force the partners to proceed with dispatch to complete the accounting matters and to prevent actions by one partner to the detriment of another. Even though the use of such power may place burdens upon the operation of the partnership business which

are not ordinarily contemplated under partnership law, if their use is necessary to expedite enforcement of the decree of the court, inconvenience and the additional burdens will be disregarded in the interests of effective equitable justice. The partners themselves can avert all inconvenience and added burdens in the conduct of the business by arranging a mutually satisfactory agreement for its conduct, which certainly would have the approval of the district court.

Let it be said here also that the respondent district court had no knowledge of the bonus matter as hereinbefore referred to since it occurred after the commencement of this original proceeding.

In our judgment, stringent means must be taken herein and forthwith in the interests of justice.

The motion to dismiss is denied, and no ruling appears necessary upon the motion to strike.

It is ordered that a writ will be issued, directed to the respondent court, requiring said court to make and enter an order requiring commercial paper to be co-signed by one of the relators, or their authorized representative, when drawn against bank accounts existing in the name of the Abstract Guaranty Company, a co-partnership, unless, within a period of five days from the date hereof, the relators and the respondent Wynacht enter into an amicable written arrangement covering the execution of commercial paper on behalf of the Abstract Guaranty Company, which arrangement to be and remain in effect until the final decree of the court is entered; the same to be approved by the respondent court and if so approved a copy transmitted to this court.